# WILLIAM H. HIGGINS

*v.*

## JULIUS MULVEY *et al.*

*Filed at Ottawa March 30, 1891.*

1. BURNT RECORDS ACT—*decree finding title—upon whom conclusive.* The effect of a decree under the Burnt Records act, finding title to land in the petitioner as against the defendants, is to settle the title between the parties thereto as effectually as though rendered on a bill to quiet title or remove a cloud from title, and cuts off every defense that either of the defendants in that suit might have interposed. It is conclusive on such defendants and their subsequent grantees.

2. LIMITATIONS—*when the statute begins to run—adverse possession—intervening decree finding title in another.* The possessory title of an occupant of land will not begin to run prior to a decree finding the title and right of possession in another in a suit to which he was a party.

3. A, under claim of title, took possession of land in 1864, which was continued by him and those succeeding to his rights until in 1888. In 1875 H filed a bill under the Burnt Records act, making A and other claimants parties, seeking to have the title confirmed, and in 1879 a decree was entered therein confirming the title in H, free from the claims of the defendants in that suit, and that H was entitled to the possession of the land, but no steps were taken to obtain the possession. In 1888 one claiming under A filed his bill setting up title by limitation, and asking to have the same confirmed as against those claiming under H: *Held,* that the possession under A's claim of title prior to

the decree of 1879 could not be availed of so as to make up twenty years' adverse possession.

4. SAME—*act of 1839—color of title necessary.* A party claiming title under the limitation law of 1839 must show color of title, and when he and his grantor are divested of all title by a decree of a court having jurisdiction, his subsequent possession, even if adverse, will not avail him, for the reason it is without color of title. The effect of such decree is to defeat or destroy his claim of title.

5. WRIT OF ERROR—*as to one not affected by the particular decree.* Where a writ of error is sued out against several, including one not affected by the decree sought to be reviewed, and against whom the suit is still pending, it will be dismissed as to him.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Plaintiff in error filed his bill in chancery in the circuit court of Cook county on January 6, 1888, claiming to own in fee lots 2, 25, 26 and 27, in block 2, of Yerby's subdivision of the north half of the north half of the north-west quarter of section 15, town 38, range 14, east of the third principal meridian, in Cook county. He alleges title thereto in Amelia Wiltberger, by deed dated June 21, 1852, through *mesne* conveyances from Sylvester Winchester, who held the patent title, and that upon her death her husband and children became seized thereof by inheritance; that one Jesse Embree obtained title by deed dated November 11, 1858, through said husband and children, and afterwards conveyed the same to Amos F. Tompkins, and he, on August 21, 1861, to George W. Reid, and he, on July 1, 1875, an undivided half to Nathan S. Higgins, who, by deed of May 8, 1886, conveyed said interest to the complainant. He also alleges that he obtained title to the other undivided half by sheriff's deed dated April 20, 1886, on execution against said Reid. He further alleged that he, and those from whom he derived title, had been in actual possession of said premises for more than twenty years, and claims the benefit of the Statute of Limitations. He also sets up a like possession for more than seven successive years,

under a connected title deducible of record from the United States, and claims the benefit of section 4 of the same statute. The bill then alleges that defendants in error claim title to said property, and prays that his title may be confirmed, etc.

Defendants in error, except Mulvey, filed a plea to this bill, setting up title in themselves, and averring, in substance, that on the 21st day of July, 1875, one Mary Hoag filed in said circuit court her petition, alleging that on November 18, 1858, said property belonged to the husband and children of Amelia Wiltberger, and that they on that day conveyed the same to Jesse Embree, who at the same time executed and delivered to her husband, Joseph W. Wiltberger, a mortgage, conveying to him said premises, to secure $91,200 of the purchase money, evidenced by certain promissory notes,—which mortgage contained a power of sale, afterward executed by selling said property and conveying the same to Egbert W. Wiltberger on June 10, 1862, and that he afterwards conveyed the same to said Joseph W. Wiltberger, who, on January 31, 1863, conveyed the same to said Mary Hoag, whereby she claimed the title thereto in fee; that the records of Cook county, including that of said deeds and proceedings, had been destroyed by fire; that Amos F. Tompkins, Nathaniel S. Higgins and George W. Reid, with others, were made defendants to said petition, and the said Higgins and Reid were duly served with summons; that said petition prayed that the court would adjudge and decree the title to said lots to be vested in her in fee; that afterwards, on the 6th day of November, 1879, said circuit court made a final decree on said petition, decreeing the title to said lots in said Mary Hoag, free from the claims of all the defendants to said petition, and that she was entitled to the possession of the same, which decree was in full force, etc. The plea then averred, that after that decree was rendered said defendants obtained title to said lots through deeds from said Mary Hoag.

A hearing being had on this plea, an order was entered by the court, sustaining the same, and complainant allowed to file a replication thereto. The cause was then referred to a master to take and report testimony, which he did, finding the facts substantially as stated in the plea. Complainant, however, by leave of court, then withdrew his replication and elected to stand by his bill, whereupon a decree was entered against him as to the defendants filing said plea, and decreeing them to be the owners of said lots, and entitled to possession thereof.

Mr. J. O'B. SCOBEY, and Mr. S. K. DOW, for the plaintiff in error:

Plaintiff in error showed title under the limitation laws, by twenty years of continuous, actual, visible and notorious possession under claim of right.

Under the statute, it is not essential that a party who takes possession and holds adversely should enter under a deed as muniment of title. It is sufficient if he takes possession under a claim of ownership, and holds the requisite time to complete the bar. *Turney* v. *Chamberlain,* 15 Ill. 273; *Weber* v. *Anderson,* 73 id. 439.

If the owner permits the occupation of his land for a period of twenty years by a party asserting ownership, he is barred by statute from making entry or bringing an action for possession. (*Weber* v. *Anderson,* 73 Ill. 439.) In that case the court says: "The real question involved in this case is, was the land occupied continuously for a period of twenty years, adversely to the owner? If it was, the owner was barred from a recovery."

In this case the possession of the plaintiff in error and those holding under him has been continuous for over twenty years, and the possession from one to another has been passed by deed. It seems that such possession and occupation are conclusive against defendants in error.

The plaintiff in error was entitled to the benefit of the seven years' statute of limitations. *Skyle's Heirs* v. *King's Heirs,* 2 Marsh. 385; *Martin* v. *Judd,* 81 Ill. 488; *Moore* v. *Brown,* 11 How. 414; *Pratt* v. *Pratt,* 96 U. S. 704.

By the decree in the *Hoag suit,* our possession ceased to be rightful; but by Hoag's neglect and defendants' neglect to assert it they are now barred. (*Pratt* v. *Pratt, supra.*) It therefore seems that no question can be raised in this case as to the effect of the decree in favor of Mary Hoag, relied on by defendants in error to establish their title. If defendants in error, or she, from whom they acquired title, had any rights as against the possessory right of plaintiff in error, they should have asserted them before the expiration of seven years from the date of the decree relied upon and set up in their plea.

Messrs. Wilson & Moore, for the defendant in error Ella A. Beach.

Mr. W. W. Gurley, for the defendants in error George B. Reynolds, Emma P. Garnett and Gwynn Garnett:

A connected title, within the meaning of the Limitation act, means a *prima facie* title, and something more than mere color of title. *Elston* v. *Kennicott,* 46 Ill. 187.

Under the act of 1839, the party in possession must hold under color of title. After it is divested, by conveyance or by decree, it can not be relied on. *Heacock* v. *Lubuke,* 107 Ill. 396; *Harris* v. *Hardeman,* 27 Texas, 248.

There is nothing inconsistent with *Heacock* v. *Lubuke, Elston* v. *Kennicott* and *Harris* v. *Hardeman,* in the cases of *Moore* v. *Brown,* 14 How. 414, and *Martin* v. *Judd,* 81 Ill. 488, cited by plaintiff in error.

The continuity of adverse possession is broken by a decree requiring the occupant to convey the land, even if the actual possession is not disturbed. *Gower* v. *Quinlan,* 40 Mich. 572; *Wright* v. *Daily,* 26 Texas, 730; *Thomasson's Lessee* v. *Keaton,* 1 Sneed, 155.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Numerous errors are assigned upon the record, but they raise only one issue, and that is, did the plea of defendants in error present a good defense to the petition of plaintiff in error. That it was good as against the title claimed by petitioner through *mesne* conveyances from the patentee, is admitted, but it is insisted that it fails to show any defense to his claim of ownership, under the Statute of Limitations. This contention is based on the theory that the decree set up in the plea had no effect whatever upon the character of the possession of the petitioner's grantors, Reid and Higgins, and therefore, it being alleged in the bill that they and petitioner had been in the actual possession of the said property from May, 1864, to the bringing of this action, in 1888, and that such possession was under a connected title deducible of record, petitioner showed a good title under either the first or fourth section of our Statute of Limitations, not met by the plea. It is said that decree was simply declaratory of Mary Hoag's title as it had existed since January 31, 1863, and had no effect whatever on Reid and his successors, who were in possession of said premises since June 10, 1862. In other words, it being assumed that Reid and Nathaniel S. Higgins were in the adverse possession of said property at the time the Hoag decree was rendered, the nature of that possession was in no way changed by the decree, unless it had the effect to make such possession more clearly adverse.

The legal rights of the parties, counsel say, were not changed by that decree, but simply declared. By this, we suppose, is meant, that a proceeding under the Burnt Records act can result in nothing more than to establish the *evidence* of a petitioner's title, leaving him to assert that title in another and different proceeding. Such, clearly, is not the scope of that act. By section 16 thereof, all persons in possession of or claiming title to premises the title to which is sought to be

established, are made necessary parties.   By section 18 such persons may oppose the petition by demurrer, answer or cross-petition.   By section 20 the court is empowered "to determine and decree in whom the title in any or all the lands described in said petition is vested,—whether in the petitioner, or in any other of the parties before the court."   Section 21 provides that "the decree shall be forever binding and conclusive unless appealed from or a writ of error is prosecuted thereon."

The plea of appellees shows that George W. Reid and Nathaniel S. Higgins, who, plaintiff in error in his petition says, were in adverse possession of said lots at the time, and had been since May, 1864, under a connected title deducible of record, were made parties defendant to the Hoag petition, and duly served with process, and that Reid actually appeared therein.   It also shows, that on that petition it was ordered, adjudged and decreed by the court that the title to said lots was, and is thereby declared to be, vested in said Mary Hoag, her heirs and assigns forever, free from the claim of all of the defendants to said Hoag's petition, and that said Hoag was entitled to the possession of said lots.   We are unable to perceive why that decree does not settle the title to the lots in question, between Mrs. Hoag, Reid and Nathaniel S. Higgins, as effectually as though it had been rendered on a bill to quiet title or remove a cloud from title.   If the Statute of Limitations was available to either of said defendants to that petition, they had a right, under the sections of the Burnt Records act above quoted, to interpose it, and they were bound so to do, failing in which, and the decree against them becoming final, they are concluded by it, and so is their grantee, the petitioner in this cause.   (*Smith et al.* v. *Hutchinson et al.* 108 Ill. 666; *Gage et al.* v. *Caraher*, 125 id. 453.)   Hence possessory title in their favor could not begin to run prior to that decree, as was expressly decided in *Bradish* v. *Grant*, 119 Ill. 610.   That decree being rendered in 1879, even if it could be maintained that petitioner and his grantors have since then

been in adverse possession to the true owners, their possession was without title, and hence the seven years' limitation relied upon could have no application.

In our opinion the plea presented a complete defense to the bill, and was properly sustained by the circuit court. It seems that Julius Mulvey, though not a party to the plea, and as to whom the suit is still pending in the circuit court of Cook county, was made a defendant to this writ of error. As to him, therefore, the writ of error will be dismissed. The decree of the circuit court as to the other defendants is affirmed.

*Decree affirmed.*